Good morning Your Honors, Stephen Geschel for Linda Hadley and Aloha from Honolulu. Now this case is very important to public or government employees who are in a union. I'm asking you on behalf of Linda Hadley that you reverse the Ayers case. Which we of course can't do. You can what? We of course cannot do. We would have to go on bonk. A three-judge panel can't do that. I didn't know that. A three-judge panel doesn't have the authority to reverse prior precedent. Well, then you can distinguish it and say that it did not involve constitutional issues. We could. We do have the authority to distinguish it. Okay. Well, then I should talk mostly about that because the way I read Vaca v. Sipes and Del Costello does not preclude public employees or government employees in a union from bringing the duty of fair representation claim in federal court. Well, let me kind of focus you on that argument just where my concern is there. Can you cite any cases in the LMRA context that have found federal courts can exercise jurisdiction over hybrid claims involving a political subdivision of the case? Now I know that you cited Vaca and Del Costello. But they do not deal with a public employee of a political subdivision. West Coast Conrail involves a hybrid action under the Railway Labor Act. Bowen v. U.S. Postal involves a postal service, which is an independent establishment. So do you have any cases that directly in the LMRA context? Labor Management Relations Act. Yes. Oh, excuse me. Because I think Vaca and Sipes and Vaca v. Sipes and Del Costello, those plaintiffs worked in the private corporations, correct? It wasn't a public employee of a political subdivision. That's correct. Those cases were not. Sure. They were from what we call the private sector. Okay. But I don't recall if any of those cases involved under the Labor Management Relations Act. Maybe Radke did. I think Radke and Martin cited on page 22 of the opening brief. I'm not sure if those were under the labor management. To me, that doesn't make or break the issue because it's one of being able for a public employee to be discriminated against just because they're in the category of being a public employee doesn't make any valid justification for unilateral application of the labor laws to exclude them from court, forcing them to either not have a remedy or have one in state. Well, I guess how do we get around 29 U.S.C. Section 152.2, defining employer to exclude any state or political subdivision thereof? And the Department of Human Services of the State of Hawaii is a political subdivision for purposes of the LMRA. So how do we get around that? Because that's precisely what is at issue here. And this is a judicially recognized claim. Before VACA, when I was in law school in Nebraska in the senior year, we didn't have VACA versus SIPES. When we had VACA versus SIPES, then we knew that employees in a union could go and sue their union. Before that, we didn't, in federal court or state court, that was judicially created. It's not a statutory claim. It's just like we have, before we had Brown versus Board of Education, we had separate but equal. They changed that. Before we had Danny Escobedo running in trouble with the law, we didn't know that they had to give him the right to counsel for poor people. And then we had Miranda, Ernesto Miranda ran trouble. Well, all of those cases of court, well, Del Costello, at least, which is a little bit more relevant here than Brown, just recognizes a hybrid lawsuit. But that doesn't get you jurisdiction over the State. And it's not as if we're even just interpreting the language that Judge Callahan mentioned. The statute also goes on to underscore that by its definition of labor union and its definition of employee. I mean, it's just inescapable that Congress's intent was that a hybrid situation here, which proceeds against a State, can't go forward in Federal court. That's precisely why we're here. And that is because it's judicially created, Judge Reimer. This case, Vaca versus Seitz. But the statute isn't. The statute is created by Congress, and the statute is just really clear. It accepts States. Marbury v. Madison says the courts construe those statutes. Okay. And so I'm telling you that when you construe that and compare it with the First Amendment right to access courts and the Fifth Amendment due process, which incorporates equal protection, when you put all of that, this is the first case that I've found that ever raises that issue and puts it directly in confrontation with the Federal statute and the case law that we've been dealing with here in these volumes of briefs. But the most important thing is that the Constitution prevails. Well, yeah, but so, I mean, so? So. What's wrong with Congress saying if you've got a problem, take it to State court? They didn't say that. Well, but you, I mean, they say you can't do it in Federal court. So? I mean, Federal court jurisdiction is limited. What's the, what's the, what's the? It's discriminatory. You're making, you're making. You're making that argument with respect, Federal courts are courts of limited jurisdiction, so you could make that same argument with respect to everybody who's got a problem that doesn't satisfy Federal subject matter jurisdiction. Well, I'm. It discriminates in the sense that you can't, you can't bring a lawsuit in Federal court unless you've got a squawk that's over X dollars involving a fight between people who live in different places and it arises under Federal law and a whole bunch of other things that are set out in statute. So, does that, does that mean that those statutes are all unconstitutional? If they discriminate against class of people, I say they are. And that's what, that's what's happened here. Well, I guess, but I think, but how would you draw the line? Obviously, you're saying that Federal court's better than State court or whatever, or that having State court access doesn't give a person access to the courts. But how would you, why wouldn't everyone be able to come to Federal court under your argument? Well, you mean everybody in a labor union? No, everybody. Everybody. Because if, if just, if, if the only access that you have is in State court, then I think your argument is that being denied access in Federal court is treating you as a different class, which I'm not, and therefore you're being discriminated against. I don't understand your question. You can go to State court. Pardon? You can go to State court on this. Yes, and we did. So how are you denied access to the courts? Well, we want, we, because VACA v. CYPE says you can either go to Federal or you can go to State court. We recognize this claim for the first time, breach of duty of fair representation. And it didn't say we exclude people who are in a public union. We didn't exclude people who are from Mexico. You know, all the categories of discrimination we have. We didn't, it didn't say those people are out of court. It says people who have a breach of, have a union that acted arbitrarily, discriminatory, or in bad faith can go to Federal or State court. And our highest court said that. And it didn't say it's limited to people that go to, that work at Swift or Ford Motors or General Motors. It didn't say that. And it's not a statutorily created claim. It's a judicial created claim, just like invasion of privacy, ultra hazardous activity cases. Those are all judicially recognized claims. And that's what we're talking about. We're not talking about a statutory action. That's what, I guess I'm having so much trouble convincing the court that, because it's not what the legislature said. It's what the Supreme Court decided for the first time in 1967, that we have such a claim. And all I'm asking you to do is say, yes, we allow public employees to come into Federal court, because we have all these remedies for private sector. Why shouldn't we have it for the public? It's discriminatory. You can't keep men out of court. You can't keep women. It's everybody. It doesn't, it's colorblind. It's everything. That's why we go to court. Now, one of the reasons why, practically, why I chose the first time to go to Federal court was because the State judge is going to be deciding the judicial impact on the State court. The State judge is going to be deciding the fiscal, the wallet, and they're getting paid by the same people. So let's go to Federal court, where the Federal court is not worried about its own employer getting hit for a big number and hurting the wallet. So that's anti-discriminatory. We went to Federal court. I shouldn't say we. Linda went to Federal court at my advice, because of BACA. And it doesn't say just private people, private sector people can go there. I think, I think I, let's see, what else did I have to say here? Oh, I think the Bowen and the Young cases against the U.S. Postal Service are very helpful to prove that the statutory definitions and the statutory language is not what's critical in this case about jurisdiction, because postal, U.S. government employees are excluded from those that have that definition of employee or employer. But the courts in those two cases had no trouble finding that the postal service, the postal worker had a breach of duty of fair representation claim against the union. And the same kind of thing occurred in the West v. Conrail. So it's not rigid. It's not immutable. The law grows, as we all know. It's come a long way. And it's time to extend BACA to public employees. They deserve it. There are a lot of them out there that deserve to be able to come into federal court. Thank you. I have seven minutes left. Thank you. Good morning. My name is Charlie Price. I'm here on behalf of the Hawaii Government Employees Association. We are asking this court to affirm the lower court's decision. We believe the lower court correctly interpreted the LNRA and the statutory provisions regarding employer and employee. There is no constitutional impairment in this case. Those arguments were waived, but to the extent the court considers them, as the court has indicated in its questioning, there is a remedy for state employees in the state system. The Hawaii Supreme Court has recognized Hawaii hybrid claims to be pursued against unions and state employers in state courts. So there is judicial redress and an opportunity for employees to be heard. What about Bowen in terms of that counsel for the appellant states that that sort of gives wings to his theory? How do you distinguish Bowen? I think as we said in our answering brief, that Bowen involved the U.S. Postal Service, which was specially treated, and therefore didn't fall within the statutory definition of the LNRA, which excluded states, political subdivisions, and governmental bodies. But there are other cases indicating that the U.S. Postal Service is treated specially and differently. Unless the court has any other questions, we submit on our briefs. I think that enough has been said. I'll be happy to answer any further questions. Any that are just argued will be submitted. And I'll next hear argument in Carroll, which is the city of Vancouver.
judges: Rymer, Rawlinson, Callahan